202      APPELLATE COURTS OF ILLINOIS.

Gist et al. v. Wyoming Land & Irrigation Co., 208 Ill. App. 202.

**George W. Gist and William M. Gist, trading as Gist Brothers Company, Defendants in Error, v. Wyoming Land & Irrigation Company, Plaintiff in error.**

**Gen. No. 23,298.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed November 5, 1917. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by George W. Gist and William M. Gist, trading as Gist Brothers Company, plaintiffs, against the Wyoming Land & Irrigation Company, a corporation, defendant, to recover for breach of a contract whereby plaintiffs were to construct two irrigation ditches for defendant. From a judgment for plaintiffs for $71,302.75, defendant brings error.

GARNETT & GARNETT, for plaintiff in error; EUGENE H. GARNETT, CHARLES L. BILLINGS and HENRY R. RATHBONE, of counsel.

THOMAS B. LANTRY and BUSBY, WEBER & MILLER, for defendants in error.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1.  BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when evidence shows failure to perform contract is due to conduct of defendant.* In an action by contractors against an irrigation company to recover for breach of a contract whereby plaintiffs were to construct two canals for defendant, evidence *held* sufficient to show that plain-

*See *Illinois Notes Digest*, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tiffs were ready to perform the contract for the construction of one of such canals and that they were prevented from so doing by the conduct of defendant, and that plaintiffs were entitled to recover the profits which would have accrued to them if they had been allowed to perform the work.

2. DAMAGES, § 200*—*when instruction on right of anticipated profits for breach of contract is not erroneous.* In an action to recover for loss of profits for breach of a contract, an instruction as to what anticipated profits, if any, the jury might consider in fixing the amount of plaintiffs' damages, *held* not erroneous when considered with other instructions.